UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KATHY McCOWAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 1:08-CV-55 PS |
| ) | |
| EDUCATIONAL SERVICES OF AMERICA, ) | |
| DEBORAH PETERSEN, and SCOTT RUSSELL, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

*Pro se* Plaintiff Kathy McCowan claims to have been the victim of racial discrimination while she was employed by Ombudsman Educational Services. McCowan, who is black, filed a Charge of Discrimination with the EEOC against Ombudsman and ultimately received a right-to-sue letter. (*See* DE 1 at 3-4.) She then filed this Title VII suit against Educational Services of America (Ombudsman's parent company), Deborah Petersen (her immediate supervisor at Ombudsman), and Scott Russell (a regional manager with supervisory authority over Ombudsman, although it is not clear to the Court whether he is employed by Ombudsman or ESA).

The Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6) [DE 18], arguing that Petersen and Russell cannot be held liable under Title VII because the statute does not provide a cause of action against supervisors. Defendants also argue that the claims against ESA must be dismissed because McCowan failed to exhaust her administrative remedies by not listing it as a defendant in her EEOC charge. Because McCowan's claims against Petersen and Russell fail as a matter of law, the Motion will be granted with respect to the claims against them. But because documents attached to McCowan's response indicate that ESA may

have had notice of the charge against it and an opportunity to conciliate, this Court will convert Defendant's Rule 12(b)(6) motion to one for summary judgment under Rule 56.  The Court will also allow the parties to file briefs on that issue.

## BACKGROUND

From what the Court can gather, the facts are as follows.  Ombudsman is a subsidiary of ESA and provides alternative educational services for at-risk students.  McCowan was employed by Ombudsman in its New Haven, Indiana facility.  (*See* DE 1 at 6.)  Petersen was also employed by Ombudsman and served as McCowan's supervisor.  (*See id*. at 5.)  Russell was the regional manager who had authority over the New Haven facility.  (*See id*.)

McCowan filed an EEOC charge naming Ombudsman (and only Ombudsman) and claiming that she was the victim of racial discrimination.  (*See* DE 1 at 3.)  Specifically, McCowan asserted that Petersen "harassed, intimidated, and was verbally aggressive toward[ her]" and that she was generally treated differently than white employees.  (*See id*.)  After the EEOC completed its investigation, McCowan received a right-to-sue letter.  (*Id*. at 4.)

McCowan then filed this suit.  Her complaint names Petersen, Russell, and ESA.  (*See id*. at 1.)  It does not Ombudsman.  The three defendants then filed the present Motion, claiming the action should be dismissed because Petersen and Russell were McCowan's supervisors and therefore cannot be held liable under Title VII as a matter of law.  (*See* DE 18 ¶¶5-6.)  They also argue that the claims against ESA (and Petersen and Russell for that matter) should be dismissed because McCowan did not name it (or them) in her EEOC charge, and therefore she has not exhausted her administrative remedies.  (*See id*. ¶7.)

McCowan's response agrees that Petersen and Russell cannot be held liable in this case.

2

(*See* DE 22 at 2.)  But she disputes the assertion that she failed to exhaust her administrative remedies.  (*See id*. at 3-7.)  Essentially, McCowan argues that ESA must have been aware of her charge against Ombudsman because certain documents indicate that ESA was involved in the EEOC investigation.  (*See id*.)  Moreover, she contends that she "has done everything a person can reasonably be expected to do to properly present her claim to the EEOC which then had the responsibility to notify ESA."  (*Id*. at 4.)  McCowan attached approximately sixty pages of materials to her response.  The documents include an intake information sheet related to the EEOC charge, which specifically charges "Ombudsman Educational Services/Educational Services of America" with discrimination.  (*See* DE 22-2 at 3.)  They also include a letter to the EEOC from Shirley Hanback, the Vice President of Human Relations at ESA.  (*See id*. at 5-11.)  In the letter, Hanback denies the charges on behalf of both ESA and Ombudsman.  (*See id*. at 5.)  Finally, the documents also contain a case log that appears to be from the EEOC investigation with notes indicating communication with ESA.  (*See* DE 22-2 at 20-21.)

Defendants' reply contends that this Court should not consider the documents attached to McCowan's response, and that even if it did it should still dismiss the suit.  (*See* DE 24.)  They argue that because this matter is before the Court on a motion to dismiss under Rule 12(b)(6), it is improper for the Court to consider materials outside the pleadings.  (*See id*. at 2-3.)  They also argue that those documents still do not provide a basis for the complaint to survive the motion. (*See id*. at 4-5.)  Specifically, they assert that "[t]he additional documents attached to McCowan's Response Brief demonstrate that ESA did not have notice of a claim against it and did not have an opportunity to conciliate on its own behalf."  (*Id*. at 4.)

3

**DISCUSSION**

Rule 12(b)(6) provides for the dismissal of claims that fail to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).

With respect the claims against Petersen and Russell, it is clear that those claims must be dismissed.  The Seventh Circuit has made clear that Title VII does not permit a victim of discrimination to sue the supervisor, even if her supervisor was responsible for the discrimination.  *Williams v. Banning*, 72 F.3d 552 (7th Cir. 1995); *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1168 (7th Cir. 1998).  As a result, the complaint presents no set of facts that would entitle McCowan to relief against either Petersen or Russell in their individual capacities under Title VII.   Those claims must be dismissed pursuant to Rule 12(b)(6).

As for the claims against ESA, things are not nearly as clear.  As Defendants rightly point out, "[o]rdinarily, a party not named in an EEOC charge may not be sued under Title VII." *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989).  This rule serves two purposes: it notifies the charged party of the alleged violation and it gives the EEOC an opportunity for conciliation.  *Id*.  There is an exception to that rule, however, "where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in the conciliation proceedings aimed at voluntary compliance." *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130, U.A.*,

657 F.2d 890, 905 (7th Cir. 1981).  This exception can apply in the parent/subsidiary context.  Indeed, the Seventh Circuit has specifically addressed that situation.  In *Olsen v. Marshall & Ilsley Corp.*, the court noted that "a parent organization not named in the plaintiff's EEOC charge must be dismissed from the suit unless the plaintiff can show that the parent had notice of the claim against it, as opposed to its subsidiary, and had an opportunity to conciliate on its own behalf."  267 F.3d 597, 604 (7th Cir. 2001).

In the present case, it is not clear whether McCowan's complaint can survive under the exception in *Eggleston* and *Olsen*.  As an initial matter, I must consider which of the exhibits I may evaluate in reviewing the motion to dismiss.  "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.  Such documents may be considered by a district court in ruling on the motion to dismiss."  *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994).  However, "the converse is also true: documents that are neither included in the plaintiff's complaint nor central to the claim should not be considered on a motion to dismiss."  *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002).  None of the documents attached to either McCowan's complaint or the Motion suggest that ESA was given either notice or an opportunity to conciliate on its own behalf.  (*See* DE 1.)

The documents attached to McCowan's response, however, indicate that ESA may have had notice and an opportunity to conciliate.  Indeed, the intake information sheet names "Ombudsman Educational Services/Educational Services of America" as the parties McCowan is charging.  (DE 22-2 at 3.)  The case log indicates that the EEOC communicated with ESA concerning the charges.  (*Id*. at 20-21.)  And perhaps most importantly, the letter from ESA

5

denying the charges on behalf of both ESA and Ombudsman suggests that ESA was both aware of the charges against it and fully engaged in a dialog with the EEOC.  (*Id*. at 5-11.)

Because those documents were not part of the complaint, they cannot be considered on a Rule 12(b)(6) motion to dismiss.  But the Court may convert the Rule 12(b)(6) motion into a motion for summary judgment under Rule 56.  *See* Fed. R. Civ. Pro. 12(d).  *See also Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).  District courts have converted Rule 12(b)(6) motions in this situation.  *See Garner v. Knoll Bros. Quick Marts, Inc.*, 962 F. Supp. 1115, 1117 (N.D. Ind. 1997); *Harris v. Stallman Trucking Co.*, 951 F. Supp. 134, 135 (N.D. Ill. 1997).  Still, in order to do so, Rule 12(d) requires a court to give the parties "a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. Pro. 12(d).  So the Court will now give the parties that opportunity.

## CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Defendants' motion to dismiss [DE 18] is **GRANTED IN PART**.  Plaintiff's claims against Defendants Petersen and Russell are **DISMISSED**.  The Motion will be **HELD IN ABEYANCE** with respect to the claims against Defendant Educational Services of America;

2. The Court will convert the motion to dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 12(d);

3. Plaintiff is given until **June 6, 2008** to file a memorandum and any necessary exhibits addressing whether the EEOC charge and investigation in this case provided Educational Services of America with sufficient notice and opportunity to conciliate to satisfy *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001), and *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 905 (7th Cir. 1981).  But while Plaintiff may file such a memorandum, it is not necessary in order for the Court to decide this issue.  If the Plaintiff chooses not to file a memorandum, she should file a notice with the Court indicating that she will not file the additional memorandum;

4. Defendant shall have until **June 23, 2008** to file a response; and

5. The briefs shall not exceed ten pages each and shall be limited to the notice and opportunity to conciliate issue as outlined in this Order.

**SO ORDERED**.

ENTERED: May 21, 2008

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT