**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **KATHY MCCOWAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:08-cv-55** |
| | ) | |
| **EDUCATIONAL SERVICES OF AMERICA,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court are two motions to appoint counsel (Docket # 15, 25), together with a

Questionnaire for Appointment of Counsel (Docket # 17), filed by *pro se* Plaintiff Kathy

McCowan, requesting that this Court appoint an attorney to represent her in this employment

discrimination case.  Having now considered McCowan's motions and questionnaire, her request

for counsel will be DENIED for the reasons set forth herein.

## LEGAL STANDARD

Civil litigants do not have a right, either constitutional or statutory, to court-appointed

counsel. *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995); *Lindsey v. Concord Buying Group*,

No. 1:06-CV-413, 2007 WL 4299581, at *1 (N.D. Ind. Dec. 6, 2007).  Rather, the standard under

Title VII, 42 U.S.C. § 2000e-5(f)(1), is essentially that the Court is empowered to appoint an

attorney to represent a plaintiff without charge "in such circumstances as the court may deem

just." *See Jones v. WFYR Radio/RKO Gen.*, 626 F.2d 576, 577 (7th Cir. 1980), *overruled on*

*other grounds by Randle v. Victor Welding Supply Co.*, 664 F.2d 1064 (7th Cir. 1981); *see also*

*Mullett v. Supreme Corp.*, No. 3:02-CV-665 RM, 2006 WL 2623302, at *1 (N.D. Ind. Sept. 12,

2006); *Defalco v. Oak Lawn Pub. Library*, No. 99 C 2137, 2000 WL 528529, at *1 (N.D. Ill. Apr. 24, 2000).

The Seventh Circuit Court of Appeals has enumerated three factors to be weighed by the district court when determining whether appointment of counsel is warranted: (1) the merits of the plaintiff's claims; (2) the plaintiff's own efforts to secure legal representation; and (3) the plaintiff's financial ability to retain private counsel. *See Darden v. Ill. Bell Tel. Co.*, 797 F.2d 497, 500-501 (7th Cir. 1986) (quoting *Jones*, 626 F.2d at 577); *see also Lindsey*, 2007 WL 4299581, at *1; *Mullett*, 2006 WL 2623302, at *1; *Defalco*, 2000 WL 528529, at *1. Although any one of these factors may be determinative, the court should consider all three factors to make a complete record. *Darden*, 797 F.2d at 500-501.

## ANALYSIS

Applying this three-factor analysis to the instant circumstances, it is difficult at present to assess the merits of McCowan's claims. We do know, however, that at least six attorneys (each experienced in employment discrimination) have chosen to pass up the opportunity to represent her. (*See* Questionnaire for Appointment of Counsel 2.) This circumstance speaks rather directly to the merits of her case and raises a fair inference that these attorneys did not view her case as meritorious.

Perhaps equally important is the fact that McCowan seems fully capable of litigating these claims herself. This suit is a relatively straightforward employment discrimination action: McCowan claims that she was discriminated against on the basis of race and then retaliated against when she was given a development plan and disciplinary warnings by her former employer, the Defendants. (Am. Compl. 3.) McCowan has already filed competent briefs in this case, adequately articulated her claims, sought relief through various motions, engaged in

discovery, participated in a preliminary pretrial conference, prepared a report of parties' planning meeting, and responded to Defendants' motions. (*See, e.g.*, Docket # 1-2, 15, 17, 22-23, 25, 28, 32, 33, 39, 40, 41.)  Consequently, it is clear that McCowan is literate and has very good communication skills, at least for purposes of representing herself.  The discussion at the preliminary pretrial conference on December 2, 2008, revealed that she is also quite articulate. Moreover, McCowan has the freedom and ability to perform her own legal research and has apparently done so.  Finally, to a major degree the facts of the case are within McCowan's personal knowledge, so the task of discovery is apt to be quite limited and certainly not insurmountable.

In short, McCowan appears to be competent and fully capable of representing herself in this suit, and it does not appear that appointing counsel will make a difference in the outcome. *See Zarnes*, 64 F.3d at 299.  Consequently, her motion will be DENIED.

## CONCLUSION

For the reasons stated herein, Plaintiff's motions for the appointment of counsel (Docket # 15, 25) are DENIED.  Plaintiff is, of course, free to attempt to secure counsel on her own. And, in the event that her claim survives a motion for summary judgment, Plaintiff may file another request to appoint counsel, and the Court will reconsider her request for purposes of trial.

SO ORDERED.

Enter for this 3rd day of December, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge