# UNITED STATES FEDERAL COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| **KATHY MCCOWAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Cause No.: 1:08-CV-55** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **EDUCATIONAL SERVICES OF** | ) | |
| **AMERICA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court is a motion to compel (Docket # 59) filed by *pro se* Plaintiff Kathy

McCowan on the last day of the discovery period, requesting that the Court order Defendants

Educational Services of America and Ombudsman Educational Services (together,

"Defendants") to answer "previously submitted" interrogatories. McCowan also seeks an

extension of the discovery period until thirty days after Defendants answer her interrogatories so

that she has an "opportunity to conduct deposition(s)". (Docket # 59.) For the reasons set forth

herein, McCowan's motion to compel will be GRANTED IN PART and DENIED IN PART,

while her request for an extension to the discovery period will be DENIED.

## I. BACKGROUND

McCowan commenced this suit against Defendants, her former employer, on February

20, 2008, alleging racial discrimination and retaliation in violation of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e-5, as amended. (Docket # 1.) On December 2, 2008, the

Court conducted a scheduling conference with the parties, establishing a discovery deadline of

April 30, 2009. (Docket # 41.) The Court later extended the discovery deadline until August 3,

2009. (Docket # 52, 55.)

On December 31, 2008, McCowan propounded her first set of interrogatories to Defendants, which they answered on January 30, 2009. (Docket # 46, 48.)  On August 3, 2009, the last day of the discovery period and six months after Defendants answered the interrogatories, McCowan filed the instant motion to compel. (Docket # 59.)  McCowan's motion to compel, however, failed to identify the specific interrogatories at issue, and consequently, the Court ordered her to submit an appendix identifying the interrogatories at issue by August 20, 2009. (Docket # 60.)

On August 20, 2009, Defendants filed a motion requesting an extension of time to respond to McCowan's motion to compel, explaining that McCowan had not yet complied with the Court's August 5th Order and as a result, they were "at a total loss as to how they should respond." (Docket # 61.)  The Court then ordered McCowan to file the appendix by August 27, 2009, and Defendants were afforded fourteen days after the appendix was filed to respond. (Docket # 62.)

McCowan then filed the requested appendix. (Docket # 63.)  On September 3, 2009, Defendants responded to McCowan's motion to compel, asserting that it should be deemed moot because "[r]ather than identify the interrogatories and Defendants' responses at issue as ordered by the Court, Plaintiff's Appendix propounds upon Defendants three interrogatories not previously directed by Defendants." (Defs.' Resp. to Pl.'s Mot. to Compel ¶ 8.)  Defendants also oppose her request for an extension to the discovery period.

## II. DISCUSSION

### A. *The Timeliness of McCowan's Motion to Compel*

Though "[t]he Federal Rules of Civil Procedure place no time limit on the outside date

for the filing of a motion to compel discovery, . . . motions to compel filed after the close of discovery generally are deemed untimely." *Vision Ctr. Nw., Inc. v. Vision Value, LLC*, No. 3:07-CV-183RM, 2008 WL 5191456, at *3 (N.D. Ind. Dec. 10, 2008) (citing *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001); *Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000)). "Greater uncertainty occurs where the motion is made very close to the discovery cut-off date." *In re Sulfuric Acid*, 231 F.R.D. 331, 332 (N.D. Ill. 2005). Generally, "the matter is left to the broad discretion possessed by the district courts to control discovery." *Id*. at 333. "On assessing delay of a moving party, courts usually focus on three questions: (i) how long was the delay; (ii) was there an explanation for it; and (iii) what happened during the delay." *West v. Miller*, No. 05C4977, 2006 WL 2349988, at *5 (N.D. Ill. Aug. 11, 2008).

Here, McCowan performed no additional discovery after she served her interrogatories on December 31, 2008, that is, during the last seven months of the discovery period. And, she waited until the last day of the discovery period–more than six months after she received Defendants' answers to her interrogatories–to file her motion to compel, offering no reason for the delay. "As a general rule, if a moving party has unduly delayed in filing a motion for an order compelling discovery, a court may conclude that the motion is untimely." *Banks v. CBOCS West, Inc.*, No. 01 C 0795, 2004 WL 723767, at *1 (N.D. Ill. Apr. 1, 2004) (citation omitted).


Nonetheless, "[m]odern discovery practices seek to facilitate . . . open and even-handed development of relevant facts so that justice may be delivered on the merits and not shaped by surprise or like tactical stratagems." *In re Sulfuric Acid*, 231 F.R.D. at 342 (citation and internal quotation marks omitted). An untimely motion to compel may still be allowed "if the party

3

demonstrates actual and substantial prejudice resulting from the denial of discovery". *GSI*

*Group, Inc. v. Sukup Mfg. Co.*, No. 05-3011, 2007 WL 1390611, at *2 (C.D. Ill. May 9, 2007).

Considering that McCowan is proceeding *pro se* and that her motion was filed before the

discovery deadline passed, the Court will consider McGowan's motion on the merits. *See*

*generally Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996) ("[I]t is

incumbent on [the court] to take appropriate measures to permit the adjudication of *pro se* claims

on the merits, rather than to order their dismissal on technical grounds.").

*B. McCowan's Motion to Compel Will Be Granted In Part and Denied In Part*

In opposing McCowan's motion to compel, Defendants assert that the information

McCowan seeks to compel "is actually three new discovery requests not previously propounded

upon Defendants". (Defs.' Resp. to Pl.'s Mot. to Compel ¶ 11.)  Defendants' assertion is

accurate only in part.

1.  Interrogatory No. 3

McCowan first seeks to compel the following interrogatory:

> **Interrogatory No. 3:** Did you rely on any documents to aid you in
> responding to these Interrogatories? If so, please identify such documents.
> [specifically: Submit copies of any and all notes/task sheets given by Deborah
> Petersen to Dawn Mathias and student sign-in sheets dated November 27 and 28,
> 2006].

(Docket # 63 (brackets in original).)  Contrary to Defendants' assertion, the language of this

interrogatory is not entirely new, as McCowan's original Interrogatory No. 3 also requested the

documents Defendants relied upon in responding to the interrogatories. (*Compare* Docket # 63,

*with* Docket # 48.)  Defendants explained in their answer to original Interrogatory No. 3 that any

documents they relied upon in responding to the interrogatories were identified in the respective

answer. (Docket # 48.)  They further stated that any documents they relied upon were produced

in response to McCowan's first request for production of documents. (Docket # 47, 48.)  Indeed,

McCowan fails to suggest with any particularity what additional documents she seeks.

And, as to the bracketed portion of her request pertaining to "notes/task sheets",

McCowan never requested this information in her original interrogatory.  "Although Federal

Rule of Civil Procedure 37 permits the court to compel discovery, the party seeking such

discovery must first direct his request to the opposing party before court intervention is

appropriate." *Johnson v. Pollard*, No. 08-C-297, 2009 WL 224040, at *1 (E.D. Wis. Jan. 29,

2009).  Here, McCowan failed to do so.

Therefore, McCowan's request to compel Defendants to answer Interrogatory No. 3 is

DENIED.

2.  Interrogatory No. 8

Next, McCowan seeks to compel Defendants to answer the following interrogatory:

> **Interrogatory No. 8**: With respect to your allegation that this "is the first time a complaint of any kind has been made against Deborah Petersen" (see response from Shirley Hanback to Marc Fishback, Investigator at Equal Employment Opportunity Commissioner dated September 20, 2007): [specifically: State all positions held by Deborah Petersen since July 2006 to the present and reason for any title or position change. Produce any and all documents reflecting the job responsibilities and performance evaluations and written warnings or reprimands of Deborah Petersen and Dawn Mathias during 2006-2007. State how (i.e. oral and/or written) information discussed during Plaintiff's meetings with Regional Manager, Scott Russell was conveyed back to Deborah Petersen. What was the substance of either the oral or written communication. Produce any written communication which addresses this.]

(Docket # 63 (brackets in original).)  Again, the language of this interrogatory is not entirely

new, as McCowan's original Interrogatory No. 8 also requested the positions that Deborah

Petersen held within the company, the reasons for any changes to those positions; and copies of

5

her performance evaluations. (*Compare* Docket # 63, *with* Docket # 48.)  Defendants objected to

this interrogatory, asserting in a rather boiler-plate fashion that it was overly broad and unduly

burdensome, that it would invade counsel's mental impressions, that the information was

protected from disclosure under the attorney-client privilege and the work-product doctrine; and

that McCowan was simply on a "fishing expedition" in that the information she requested was

irrelevant. (Docket # 48); *see generally Burkybile v. Mitsubishi Motors Corp.*, No. 04 C 4932,

2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006) (collecting cases rejecting boilerplate

objections to discovery requests).

Indeed, Peterson's various positions and reasons for change do not appear particularly

relevant.  However, her 2006 and 2007 performance evaluations may lead to the discovery of

admissible evidence concerning whether Peterson was ever counseled for any discriminatory

conduct, and thus be relevant to the issue of pretext. *See, e.g., Jones v. Hamilton County Sheriff's

Dept.*, No. IP 02-0808-C-H/K, 2003 WL 21383332, at *7 (S.D. Ind. June 23, 2003) (allowing

discovery of the personnel files of the defendants whom allegedly played a role in the plaintiff's

termination); *Byers v. Ill. State Police*, No. 99 C 8105, 2002 WL 1264004, at *13 (N.D. Ill. June

3, 2002) (collecting cases and articulating that the "personnel files of the individuals alleged to

have discriminated against the plaintiffs are clearly relevant").  Morever, the request to produce

Peterson's performance reviews is not unduly burdensome, and the reviews would not reveal the

mental impressions of counsel and would not appear to be privileged.  Consequently, the Court

will compel Defendants to produce Peterson's 2006 and 2007 performance evaluations.[1]

---

[1] Of course, McCowan's request for Peterson's performance evaluation is actually a request for production of documents.  Defendants, however, do not object on this basis.

As to the remainder of her request–the performance evaluations and written warnings of

Dawn Matthias and the method certain information was conveyed from Scott Russell to Deborah

Petersen, McCowan never sought this information in her original interrogatory. Though

Matthias's personnel file may well be relevant as a potential similarly situated individual, *see,*

*e.g.*, *Kapoor v. Ind. Univ. Bd. of Trustees*, No. 1:06-CV-819-LJM-WTL, 2007 WL 2901881, at

*3 (S.D. Ind. July 26, 2007) (ordering the production of the personnel files of potentially

similarly situated individuals); *Jones*, 2003 WL 21383332, at *7 (same), the Court will not

enforce a motion to compel where the party seeking discovery never requested the information

from the opposing party. *See Johnson*, 2009 WL 224040, at *1.

Therefore, McCowan's motion to compel Defendants' answer to Interrogatory No. 8 is

GRANTED with respect to Peterson's 2006 and 2007 performance evaluations, but is DENIED

in all other respects.

3. Interrogatory No. 13

Finally, McCowan requests that the Court compel Defendants to answer the following

interrogatory:

> **Interrogatory No. 13**: [Specifically: State any complaints filed by students, parents,
> other school or district personnel against Deborah Petersen, Dawn Mathias, or Plaintiff
> during the 2006-2007 school year.]

(Docket # 63 (brackets in original).) As with the prior two interrogatories, McCowan articulated

a portion of this interrogatory in her original request to Defendants. That is, she made the

request with respect to Peterson, but not as to Mathias or herself. (*Compare* Docket # 63, *with*

Docket # 48.) Defendants objected to this interrogatory, asserting that it was overly broad and

unduly burdensome because McCowan failed to impose any time limits on the request, and that

7

she was simply on a "fishing expedition" in that the information she requested was irrelevant. (Docket # 48.)

However, like the performance evaluations, any complaints filed against Peterson (McCowan's supervisor and the purported decision maker) are reasonably calculated to lead to the discovery of admissible evidence on the issue of pretext. *See, e.g.*, *Byers*, 2002 WL 1264004, at \*8-9 (stating that evidence of other acts of discrimination by defendant is relevant to establish pretext); *Sykes v. Target Stores*, 2002 WL 554505, at \*5 (N.D. Ill. Apr. 15, 2002). Furthermore, McCowan has now limited the time period to 2006 and 2007, thereby eliminating the grounds for much of Defendants' objection. *See, e.g.*, *Byers*, 2002 WL 1264004, at \*3 (finding that a discovery request was no longer overly broad once plaintiff limited the time period). Therefore, the Court will compel Defendants to produce this information.

Of course, McCowan's request with respect to any complaints lodged against Matthias or herself will not be granted. Though this information may well be relevant, *see, e.g.*, *Kapoor*, 2007 WL 2901881, at \*3 (articulating that discovery is appropriate as to those individuals who are potentially similarly situated to plaintiff), McCowan never sought this information in her original interrogatory.[2] The Court will not enforce a motion to compel where McCowan failed to request the information from Defendants. *See Johnson*, 2009 WL 224040, at \*1.

As a result, McCowan's motion to compel Defendants' answer to Interrogatory No. 13 is GRANTED with respect to any complaints lodged against Peterson in 2006 and 2007, but is DENIED in all other respects.

---

[2] And, Defendants already produced documents "related to any coaching, reviews, performance improvement plans or discipline Plaintiff received due to her performance" in response to McCowan's Request for Production of Documents No. 16. (Docket # 47.)

*C. McCowan's Request to Enlarge the Discovery Period Will Be Denied*

McCowan also requested in her motion that the discovery deadline be extended until thirty days after Defendants answer her interrogatories. Her motion to enlarge the discovery deadline will be denied.

"Continuances or extensions of time with respect to the deadlines for . . . discovery . . . will be granted only upon a convincing showing of good cause, upon a request made before the pertinent deadline has expired." *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997) (citing Fed. R. Civ. P. 16(b)); *United States v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). The good cause standard focuses on the diligence of the party seeking the extension. *Smith*, 1997 WL 662406 at *1; *Tschantz*, 160 F.R.D. at 571. In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith*, 1997 WL 662406 at *1; *Tschantz*, 160 F.R.D. at 571.

Here, McCowan has failed to demonstrate good cause for an extension, as the record reflects that she has been far from diligent in pursuing discovery. As explained, she waited more than six months after she received Defendants' answers to her interrogatories to file the motion to compel and then failed to timely file the related appendix requested by the Court. And, McCowan does not explain with any particularity what information she seeks through performing additional discovery, simply stating that she wants an "opportunity to conduct deposition[s]". Thus, there is no indication that McCowan would be prejudiced by the denial of her request for an extension.

Moreover, McCowan makes no attempt to explain why she could not conduct these

9

depositions earlier.  The Seventh Circuit Court of Appeals has repeatedly articulated that "even pro se litigants must follow procedural rules." *Collins v. State of Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) (citation omitted).  The parties have already been afforded an additional three months for discovery since the deadline was initially set at the scheduling conference, allowing them a reasonable eight-month period in total for discovery.  "A good judge sets deadlines, and the judge has a right to assume that the deadlines will be honored." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996).

Consequently, McCowan's request for extension of the discovery period will be DENIED.

### III.  CONCLUSION

For the reasons stated herein, Plaintiff's motion to compel (Docket # 59) is GRANTED IN PART and DENIED IN PART as set forth in this Opinion and Order, while her request to enlarge the discovery deadline (Docket # 59) is DENIED.  Defendants are to produce on or before October 2, 2009: (1) Peterson's 2006 and 2007 performance evaluations, and (2) any complaints lodged against Peterson in 2006 and 2007.

SO ORDERED.

Enter for the 21st day of September, 2009.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge